UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROCKET JEWELRY BOX, INC.,

                Plaintiff,

           - against -

QUALITY INTERNATIONAL PACKAGING, INC.,

                Defendant.

**OPINION AND ORDER**

**95 Civ. 7900 (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

In its second amended complaint, dated December 8, 1998, plaintiff Rocket Jewelry Box, Inc. ("Rocket") alleged that defendant Quality International Packaging, Inc. ("Quality"), infringed United States design patent number 333,264 ("the '264 patent"). On March 17, 2004, Rocket filed a motion for a permanent injunction, to set the interest rate on prejudgment interest, and for costs. Quality opposes Rocket's motion. For the reasons which follow, Rocket's motion is **GRANTED**.

## II. DISCUSSION

### A. Permanent Injunction

By stipulation dated March 29, 1999, the parties agreed to submit all issues in the action to an American Arbitration Association arbitration panel. On January 18, 2000, the parties modified the arbitration agreement, and stipulated that the Court would assess damages. The arbitration panel determined that Rocket's '264 patent is valid and enforceable. In pertinent part,

the arbitration panel held that,

> the Florence and Marseille lines of products (Claimant's Exhibits 4 and 5, which are reproduced photographically in Claimant's Exhibits 6 and 7 of the '264 Exhibit Book, respectively) infringe the '264 Patent with the exception of those products shown as items G ("Bracelet"), H ("Layout Watch"), and J ("Pearl") in Claimant's Exhibits 6 and 7 of the '264 Exhibit Book.

Award of Arbitrators, attached as Exh. 1 to Defendant's Opposition to Plaintiff's Motion to Confirm Arbitration Award, dated June 29, 2001. The arbitration panel also held that Quality's infringement had been willful since February 5, 1999. **Id**.

The Court may grant injunctive relief to address the violation of Rocket's patent rights. ***See* Roche Products, Inc. v. Bolar Pharmaceutical Company**, 733 F.2d 858 (Fed. Cir. 1984). On March 3, 2003, this Court permanently enjoined Quality from infringing the '264 patent. The Court set forth two formulations of injunctive relief: 1) "[t]he Court orders that Quality be permanently enjoined from marketing the Florence and Marseille lines of jewelry boxes, or any similar such boxes, which infringe Rocket's '264 patent," and 2) "Quality is hereby permanently enjoyed from selling any jewelry boxes similar to those sold under the Florence and Marseille trademark." **Rocket Jewelry Box, Inc. v. Quality Intern. Packaging, Inc.**, 250 F. Supp. 2d 333, 339-41 (S.D.N.Y. 2003).

Quality appealed this Court's decision to the Court of Appeals for the Federal Circuit ("Federal Circuit"). On February 12, 2004, the Federal Circuit affirmed the Court's grant of an injunction, but held that injunction order did not comply with Rule 65(d), Federal Rules of Civil Procedure. *See* **Rocket Jewelry Box, Inc. v. Quality Intern. Packaging, Inc.**, 90 Fed. Appx. 543, 547-48 (Fed. Cir. 2004). In pertinent part, the Court stated:

> In addition to enjoining Quality from marketing and selling the Florence and

> Marseille lines of jewelry boxes, the District Court also enjoined Quality from marketing and selling "any similar such boxes" and "any jewelry boxes similar to those sold under the Florence and Marseille trademarks . . . In so doing, however, the District Court neither set forth the reasons for issuing this broad injunction nor specified and described in reasonable detail the parameters for determining the extent of any such "similarity." Therefore the District Court's Order does not comply with Rule 65(d).

**Id.** at 547-48.

"Upon return of its mandate, the District Court cannot give relief beyond the scope of that mandate, but it may act on matters left open by the mandate." **Laitram Corp. v. NEC Corp.**, 115 F.3d 947 (Fed. Cir. 1997). Rocket asks the Court to adopt its proposed injunction order. *See* Rocket's Proposed Injunction Order, attached to Rocket's Mot. as Exh. C. In addition to setting forth the language for a permanent injunction, the proposed order directs Quality to deliver to Rocket within twenty days all jewelry boxes that infringe the '264 patent, and catalogs which contain illustrations of these jewelry boxes for destruction. **Id**. The order also directs Quality to file two sworn declarations, one listing the name and address of each customer to whom Quality sold jewelry boxes, and a second setting forth the manner in which it complied with the injunction order. **Id**.

Quality opposes Rocket's proposed injunction order, and argues that it includes additional relief the Court did not originally grant. Quality's Memorandum of Law in Opposition to Rocket's Motion for a Permanent Injunction ("Quality's Mem.") at 18. Quality maintains that this additional relief was "not the subject of a cross appeal to the Federal Circuit." **Id**. at 19. It contends that the language in the Court's original injunction is over broad, and argues that "by including within the scope of its prohibition any 'similar' boxes, the Court expanded the breadth of the injunction so as to render it virtually impossible for Quality to 'design around' the accused

3

products." Quality's Mem. at 18. More specifically, Quality contends that "differences in jewelry boxes are highly discrete and in many instances difficult to discern to the casual observer," **id**. at 17, and that "any number of non-infringing boxes in other lines . . . may be construes as 'similar boxes' and may arguably fall within the scope of the injunction." **Id**. It asserts that "if [it] redesigned its boxes or 'similar' boxes, but marketed them under the Florence and Marseilles Trademark, such activity would arguably fall within the prohibition of the injunction." **Id**.

In light of the Federal Circuit's mandate, the Court concludes that Quality's concerns have merit. The Court will limit the injunction to those elements of the Marseilles and Florence lines which were found by the arbitration panel to have infringed the '264 patent.

## B. Prejudgment Interest

In the March 3, 2003 opinion, the Court awarded Rocket $65,905 as damages for Quality's willful infringement of the '264 patent. The Court also awarded Rocket prejudgment interest to be calculated from February 5, 1999. "Prejudgment interest serves to make the patent owner whole, for damages properly include the foregoing use of money of which the patentee was wrongly deprived." **Sensonics, Inc. v. Aerosonic Corp.**, 81 F.3d 1566, 1574 (Fed. Cir. 1996). The Federal Circuit affirmed this Court's granting of prejudgment interest. *See* **Rocket Jewelry Box, Inc. v. Quality Intern. Packaging, Inc.**, 90 Fed. Appx. at 547-8.

Rocket has an "arrangement with one of its banks for a line of credit that it can draw upon." Rocket's Mot. at 2. "The average interest rate that Rocket paid on such loans during the period from February 5, 1999 through March 1, 2004 was seven and 12/100 (7.12) per cent." **Id**. Rocket contends that the only way it can be made whole is by setting the rate on prejudgment

4

interest at 7.12 per cent, the average interest rate paid on loans from its bank. **Id**. at 3. Quality argues that "Rocket's costs of borrowing money from Feb. 5, 1999 to March 1, 2004 is entirely irrelevant to this Court's calculation of prejudgment interest." Quality's Mem. at 7. Quality contends that an award at the United States treasury bill rate, compounded annually, will adequately compensate Rocket. **Id**. Quality cites only one case supporting its position. *See* **Laitram Corp. v. NEC Corp.**, 115 F. 3d 947, 955 (Fed. Cir. 1997). **Laitram**, however, can be distinguished by its facts. In that case, the Court found that there was no evidence that the patentee borrowed money at a higher interest rate, or what that rate was, and that while interest awarded at the treasury bill rate is appropriate in cases, no evidence justified a higher rate. **Id**. at 955. In contrast, Rocket filed an affidavit from its accountant supporting the higher interest rate claimed.

The Court is afforded wide latitude and discretion in its selection of the appropriate interest rate to be applied, and a rate above the prime rate may be used. **Uniroyal, Inc. v. Ruskin-Wiley Corp.**, 939 F.2d 1540, 1545 (Fed. Cir. 1991); *see also* **Michaels v. Art Betterley Enterprises, Inc.**, 1996 WL 722007 (W.D.N.Y. Dec. 13, 1996). Moreover, as a wilful infringer, Quality is required to compensate Rocket for its infringement. *See* **Oiness v. Walgreen Co.**, 88 F.3d 1025, 1033 (Fed. Cir. 1996). Based on the record, and after reviewing the parties arguments, the Court finds that an award of prejudgment interest at the 7.12 per cent rate sought by Rocket is justified, and necessary to fully compensate Rocket for its loss. Rocket's proposed interest rate is, therefore, **GRANTED**. Rocket also proposes that the interest should be computed daily and annually. Rocket's Mot. at 3. Since Quality does not object, Rocket's request is **GRANTED**, and the rate is to be compounded daily and annually from February 5,

1999.

**C. Costs**

Pursuant to Rule 54, Federal Rules of Civil Procedure, costs other than attorney's fees shall be allowed as of course to the prevailing party. A party prevails when actual relief on the merits of the claim materially alters the legal relationship between the parties by modifying the behavior of one party in a way that directly benefits the other. *See* **In re Omeprazole Patent Litigation**, 2004 WL 1782547 at *1 (S.D.N.Y. Aug. 9, 2004); *see also* **Cosgrove v. Sears, Roebuck & Co.**, 191 F.3d 98, 101-02 (2d Cir. 1999). "Ascertaining which party prevailed requires the Court to look at the substance of the litigation to determine whether an applicant has substantially prevailed in its position, and not merely the technical disposition of the case or motion. In effect, substance should prevail over form." **In re Omeprazole Patent Litigation**, 2004 WL 1782547 at *1 (citations omitted).

Rocket argues that it was the prevailing party in this action because the Court has confirmed the award of the arbitration panel holding that the '264 patent was valid, and had been willfully infringed by Quality. Rocket's Mot. at 3-4. Quality contends that it was the prevailing party because Rocket's Paris Line patents were held to be invalid by the arbitration panel, and asks the Court to award costs with respect to the first and second causes of action in the second amended complaint. Quality's Mot. at 11-12. Quality cites **Manildra Milling Corp. v. Ogilvie Mills, Inc.**, 76 F.3d 1178, 1183 (Fed. Cir. 1996), for the proposition that it should be considered a prevailing party because it successfully invalidated Rocket's Paris Line patent. The **Manildra** holding, however, "cannot be read to mean that a party automatically must be considered prevailing under Rule 54(d) so long as [it] has one of [its] competitor's patents invalidated." **In**

6

re Omeprazole Patent Litigation, 2004 WL 1782547 at * 2. The Federal Circuit "has never held that a defendant that invalidates a patent is the prevailing party when other patents are succesfully asserted against it." Id. Accordingly, the Court finds that Rocket is the prevailing party, and its request for an award of costs is **GRANTED**.

### III. CONCLUSION

### A. INTEREST RATE AND COSTS

Rocket's proposed 7.12 per cent interest rate, to be compounded daily and annually from February 5, 1999, is **GRANTED**. Furthermore, the Court finds that Rocket is the prevailing party, and its request for an award of costs is **GRANTED**.

### B. PERMANENT INJUNCTION

Quality's officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Quality who receive actual notice of this order by personal service or otherwise are hereby permanently enjoined from infringing Rocket's '264 patent, and from manufacturing, selling, offering to sell, advertising, or marketing Marseilles and Florence items A ("single ring"), B ("single earring"), C ("double ring"), D ("pendant"), E ("large pendant / earring"), F ("universal"), and I ("collar watch").

**SO ORDERED this 22nd day of November 2005**
**New York, New York**

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge